**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

IN RE: NGOZI EKECHI

          Debtor.

Bankruptcy Case No. 3:09-bk-7771-3F3

_____

NGOZI EKECHI,

          Appellant,

vs.

Case No. 3:11-cv-923-J-32

COUNTY COURT JUDGE DAWN K. HUDSON, et. al.,

          Appellees.

_____

NGOZI EKECHI,

         Appellant,

vs.

Case No. 3:11-cv-1092-J-32

GARY WILKINSON, et. al.,

         Appellees.

_____

NGOZI EKECHI,

         Appellant,

vs.

Case No. 3:11-cv-1093-J-32

BLEDSOE JACOBSON, et. al.,

         Appellees.

_____

NGOZI EKECHI,

         Appellant,

vs.

Case No. 3:12-cv-85-J-32

GARY WILKINSON, et al.,

         Appellees.

_____

NGOZI EKECHI,

        Appellant,

vs.                                                                                   Case No. 3:12-cv-86-J-32

GARY WILKINSON, et al.,

        Appellees.

_____

NGOZI EKECHI,

        Appellant,

vs.                                                                                   Case No. 3:12-cv-463-J-32

GORDON P. JONES,

       Appellee.

_____

NGOZI EKECHI,

        Appellant,

vs.                                                                                   Case No. 3:12-cv-464-J-32

GORDON P. JONES,

       Appellee.

_____

NGOZI EKECHI,

        Appellant,

vs.                                                                                   Case No. 3:12-cv-465-J-32

GORDON P. JONES,

       Appellee.

_____/

## **ORDER**

These cases are before the Court on appeal from the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division. Pro se appellant Ngozi Ekechi ("Ekechi") appeals seven separate orders and one notice arising out of the same bankruptcy litigation. The Court considers the entire bankruptcy record. (Bankruptcy Case No. 3:09-bk-7771-3F3.)

**I.   Background**

The background facts are drawn from the proceedings in the Bankruptcy Court. Ekechi filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on September 15, 2009. On September 24, 2009, Ekechi filed a notice seeking to assume the lease with C.R. Exchange, LLC ("C.R. Exchange") for her mobile home. The bankruptcy trustee did not respond or otherwise take any action to assume the lease on behalf of the estate. On October 5, 2009, C.R. Exchange filed its Motion for Relief from Stay, which alleged that Ekechi was late in making payments on the lease and moved the Bankruptcy Court to modify the automatic stay imposed under 11 U.S.C. §362(a) so as to permit C.R. Exchange to take action to regain possession of the leased property. In her response to C.R. Exchange's motion, Ekechi acknowledged that she was assuming the lease. On October 28, 2009, the Bankruptcy Court granted the Motion for Relief from Stay and lifted the automatic stay as to C.R. Exchange so that it could proceed with an eviction action in state court. It filed an eviction action against Ekechi in state court on November

18, 2009.[1]

On December 29, 2009, Ekechi filed her Motion for Contempt, For Violation of the Automatic Stay. In this motion, Ekechi asserted that C.R. Exchange and its attorney, Fred Elefant, willfully violated the automatic stay by "fil[ing] an alleged claim against the debtor and hav[ing] the automatic stay lifted." After holding a hearing, the Bankruptcy Court denied Ekechi's motion on February 12, 2010.[2] The Bankruptcy Court held, *inter alia*, that, since the trustee had not assumed the lease, it was no longer property of the estate and thus not subject to the automatic stay.

Ekechi then filed an Emergency Motion for Contempt, for Violation of the Automatic Stay against C.R. Exchange on June 3, 2011 in the Bankruptcy Court. She had also previously moved pursuant to 11 U.S.C. §706(a) to convert her Chapter 7 case to Chapter 13. During a June 6, 2011 hearing on other adversary motions, her case was converted in accordance with Fed. R. Bank. P. 1017(d), and the Notice of Conversion of Case to Chapter 13 was entered the same day.[3]

Ekechi filed an Emergency Motion to Reinstate Automatic Stay on June 9, 2011.

---

[1] The eviction action was pursuant to a June 2008 final judgment in county court, which the Fourth Judicial Circuit Court affirmed on August 14, 2009 and the First District Court of Appeal denied the petition for writ of certiorari on February 10, 2011. (Case No. 3-11-cv-1092-J-32, Doc. 1-5 at 2.)

[2] Ekechi filed a timely notice of appeal from the Bankruptcy Court's order denying her Motion for Contempt on February 22, 2010. This Court affirmed that order on February 14, 2011. (Case No. 3:10-cv-302-J-99TJC, Doc. 8.)

[3] The Bankruptcy Court later reconverted the case to Chapter 7 on November 15, 2011 upon the trustee's motion to reconvert for Ekechi not making interim payments under her Chapter 13 plan as required.

Eviction occurred on June 13, 2011.  The Bankruptcy Court denied the Emergency Motion to Reinstate Automatic Stay on June 22, 2011 following a June 16, 2011 hearing but provided Ekechi the opportunity to retrieve her personal belongings.  It ordered, "[b]ased upon the agreement of CR Exchange, Debtor may have access to the mobile home for the purpose of removing its contents upon no less than 24 hours notice to counsel, Gary L. Wilkinson, Esquire, telephonically" and that "[s]uch access will be permitted for the 10 days following the date of this Order . . . terminat[ing] at 5 p.m. on July 1, 2011."  Ekechi filed a notice of appeal of the Order Denying Debtor's Emergency Motion to Reinstate Automatic Stay on June 30, 2011, thus filing the first of the eight cases now before this Court.  (Case No. 3:11-cv-923-J-32.)

Ekechi next filed a Motion for Contempt Against Creditor, C.R. Exchange LLC and Request for Emergency Hearing on July 20, 2011 in the Bankruptcy Court.  She also filed an Amended Motion for Contempt, for Violation of Automatic Stay and Judicial Notice, which the Bankruptcy Court construed as an amendment to the July 20, 2011 motion.  It denied with prejudice the Motion for Contempt Against Creditor/Motion to Cease Creditor and Motion for Emergency Hearing, as it was amended, on August 24, 2011 following an August 17, 2011 hearing. The Bankruptcy judge warned Ekechi in the order against "continued filing of such frivolous motions."  She filed a notice of appeal of this order on September 2, 2011, the second of the eight cases now on appeal. (Case No. 3:11-cv-1092-J-32.)

Earlier in the year, on January 10, 2011, Ekechi had filed a three-count complaint as an adversary proceeding in her bankruptcy case.  In Count I, Ekechi brought an action for alleged negligence by Gordon P. Jones as Chapter 7 Trustee for failing to assume the

residential real estate lease.  In Count II, Ekechi brought an action against C.R. Exchange for an alleged intentional violation of the automatic stay.  In Count III, Ekechi brought an action against County Court Judge Dawn K. Hudson, the county court judge who initially presided over the state court proceedings, for "Declaratory Relief from Fraud on the Court in and Void Judgment (Orders)."  On June 6, 2011, the Bankruptcy Court held oral argument on these motions.  On September 7, 2011, the Bankruptcy Court granted with prejudice the Motions to Dismiss Count I Filed by Gordon P. Jones, Trustee, Count II Filed by CR Exchange LLC, and Count III Filed by the Honorable Dawn K. Hudson.  Ekechi filed a notice of appeal of these September 7, 2011 orders, the third of the eight cases now before this Court.   (Case No. 3:11-cv-1093-J-32.)

In addition to these three appeals, Ekechi has appealed numerous other orders of the Bankruptcy Court.  On November 1, 2011, the Bankruptcy Court struck Amended Schedule B and C for failure to comply with Local Rule 1009-1 or cure the filing deficiency within seven days.  Ekechi filed a notice of appeal of this order, her fourth of the eight cases.  (Case No. 3:12-cv-85-J-32.)

On November 14, 2011, the Chapter 13 trustee moved to reconvert the case from Chapter 13 to Chapter 7 on the basis that Ekechi "failed to make interim payments as ordered by the [Bankruptcy Court] or required by Section 1326(a)(1) of the Bankruptcy Code."  The Bankruptcy Court filed the Notice of Reconversion of Case to Chapter 7 and Establishing Bar Dates; and Notice by the Clerk of Meeting of Creditors and Appointment of Trustee ("Notice of Reconversion") and an Amended Notice of Reconversion of Case to Chapter 7 and Establishing Bar Dates' and Notice by the Clerk of Meeting of Creditors and

Appointment of Trustee ("Amended Notice of Reconversion") on November 15, 2011 and November 18, 2011, respectively. Ekechi filed a notice of appeal of the Notice of Reconversion on November 25, 2011, thus filing the fifth of the eight cases now before this Court.[4] (Case No. 3:12-cv-86-J-32.)

Ekechi also filed an objection to an administrative claim for legal fees of an Akerman Senterfitt attorney who had been appointed and approved as Special Attorney for the Estate. On December 29, 2011, the Bankruptcy Court ruled that because the case was governed under Chapter 7 of the Bankruptcy Code and there was no potential surplus to be awarded to Ekechi, she did not have standing to object to a claim. Ekechi filed a notice of appeal of this December 29, 2011 Order Overruling as Moot Objection to Claim of Akerman Senterfitt, her sixth of the eight cases now before this Court. (Case No. 3:12-cv-463-J-32.)

Next, on January 30, 2012, the Bankruptcy Court denied Debtor's Motion for Production of Document. In her motion, Ekechi had demanded copies of the required posting of bonds by Chapter 7 Trustee Gordon P. Jones, Chapter 7 Trustee Valerie Hall Manuel, and Chapter 13 Trustee Douglas W. Neway. She filed a notice of appeal of this order on February 6, 2012, her seventh of the eight cases. (Case No. 3:12-cv-464-J-32.)

Around the same time, on January 27, 2012, the Bankruptcy Court denied Debtor's

---

[4] The Amended Notice of Reconversion provides for the appointment of a new Chapter 7 trustee, Valerie Hall Manuel, because the Chapter 7 trustee appointed in the Notice of Reconversion, Gordon P. Jones, rejected his appointment. In her notice of appeal, Ekechi listed the November 15, 2011 Notice of Reconversion as the order being appealed, but she provided both the Amended Notice of Reconversion and the Notice of Reconversion in the record as documents being appealed. The Court will assume both were intended to be appealed.

Motion to Compel Creditor to Turnover Property. In the order, it explained that Ekechi was given the opportunity to retrieve her personal belongings but failed to do so under the previously outlined procedures. It further noted that Ekechi chose not to speak with C.R. Exchange's mobile park manager to schedule removal and that counsel for C.R. Exchange had even tried to contact her. Thus, it held that she was given enough opportunities to recover her personal belongings. Ekechi filed a notice of appeal of this order, her last of the eight cases now before this Court. (Case No. 3:12-cv-465-J-32.)

Because of the quick succession of the filing of these appeals and the confusion it was generating with the parties and this Court, this Court stayed all briefing and motions on February 29, 2012 of case numbers 3:11-cv-923-J-32, 3:11-cv-1092-J-32, 3:11-cv-1093, 3:12-cv-85-J-32, and 3:12-cv-85-J-32 until it had an opportunity to review the filings. The records on appeal of the last three cases, case numbers 3:12-cv-463-J-32, 3:12-cv-464-J-32, and 3:12-cv-465-J-32, were not transmitted to the District Court until after the stay had already been issued but no briefs were filed in these cases. This Court has determined that because of the interrelated nature of these eight appeals and the briefing the Court has already received[5], it does not need additional briefs; the appeals can be decided on the

---

[5] On January 17, 2012, before the Court stayed further briefing, Ekechi did file a brief (Case No. 3:11-cv-923-J-32, Doc. 10) and an amended brief (Case No. 3:11-cv-923-J-32, Doc. 11) in case number 3:11-cv-923-J-32. However, it appears as if the initial brief discusses issues raised in case number 3:11-cv-1093-J-32 while the amended brief discusses issues raised in case number 3:11-cv-923-J-32. Her initial briefs in both appeals were due by January 17, 2012. The confusion could have stemmed from a previous filing error. On October 19, 2011 and October 20, 2011, respectively, Gordon P. Jones and Judge Dawn K. Hudson filed a motion, and concurring motion, to strike all requested relief, or alternatively, dismiss the appeal as to themselves. (Case No. 3:11-cv-923-J-32, Docs. 4, 5.) This Court denied these motions without prejudice on December 7, 2011 (Case No. 3:11-cv-

record before the Court.

**II.     Jurisdiction**

Federal district courts have jurisdiction over final bankruptcy court orders as a matter of right pursuant to 28 U.S.C. §158(a).  For bankruptcy cases, a final order must simply settle a particular controversy instead of the entire bankruptcy litigation.  In re Blue Stone Real Estate, Const. & Dev. Corp., 396 B.R. 555, 560 (Bankr. M.D. Fla. 2008) (citing Commodore Holdings, Inc. v. Exxon Mobil Corp., 331 F.3d 1257, 1259 (11th Cir. 2003)).

An interlocutory order issued by the bankruptcy court is not appealable as a matter of right; however, a federal district court may exercise discretion and permit these appeals to be filed with leave of court.  In re Lykes Bros. S.S. Co., Inc., 200 B.R. 933, 937 (M.D. Fla. 1996); In re Celotex Corp., 187 B.R. 746, 748 (M.D. Fla. 1995); see 28 U.S.C. §158(a)(3); Fed. R. Bankr. P. 8001(b), 8003.  The test for whether a district court should grant leave to appeal is based on the same standards as whether a court of appeal should grant leave to appeal an interlocutory order from the district court.  In re Charter Co., 778 F.2d 617, 620 n.5 (11th Cir. 1985); see 28 U.S.C. §1292(b).  Pursuant to 28 U.S.C. §1292(b), leave to appeal an interlocutory order should be granted if: "(a) the order involves a controlling question of law, (b) there is a substantial ground for difference of opinion, and (c) an immediate appeal would materially advance the ultimate termination of the litigation." In re

---

923-J-32, Doc. 9) because they were filed in the wrong case, case number 3:11-cv-923-J-32 instead of case number 3:11-cv-1093-J-32. Gordon P. Jones and Judge Hudson later filed motions to dismiss the appeal in the proper case. (Case No. 3:11-cv-1093-J-32, Docs. 5, 8.) No response briefs in any cases were filed, as the filing dates were after the date briefing was stayed. The Court has considered both Ekechi's initial and amended briefs, docketed in case number 3:11-cv-923-J-32, in addition to the other filings.

Lykes Bros. S.S. Co., Inc., 200 B.R. at 938.

**III.   Discussion**

All eight cases on appeal have arisen from the same bankruptcy litigation. For purposes of discussion, the Court has grouped these into appeals from non-final orders, appeals arising from the order granting relief from automatic stay to C.R. Exchange, an appeal related to the reconversion of the bankruptcy case from Chapter 13 to Chapter 7, and an appeal from the order denying a motion to compel the turnover of property.

**A.   Non-Final Orders**

In three of her cases, Ekechi appeals non-final orders.  First, in case number 3:12-cv-85-J-32, Ekechi appeals the Order Striking Amended Schedule B and C.  Second, in case number 3:12-cv-463-J-32, Ekechi appeals the Order Overruling as Moot Objection to Claim of Akerman Senterfitt.  Third, in case number 3:12-cv-464-J-32, Ekechi appeals the Order Denying Debtor's Motion for Production of Document.

Taking into account the bankruptcy view that merely requires resolution of the specific controversy to constitute a final order for appeal purposes, these are all still non-final orders. The Order Striking the Amended Schedules is obviously non-final.  An order overruling an objection of a claim by the debtor is non-final when the bankruptcy court neither issues a separate final judgment nor lists the exact amount of the judgment for the specific claim.  In re Golden, 207 B.R. 252, 253 (N.D. Fla. 1996).  In the Bankruptcy Court's order overruling the objection to Akerman Senterfitt's claim, it did not issue a separate final judgment nor provide the monetary amount of the claim in the appealed order.  As to the appeal of the discovery order, the Eleventh Circuit has generally held that discovery orders are non-final.

First Nat. Bank of Atlanta v. AMR Group Co., Inc., 67 B.R. 311, 312 (S.D. Ga. 1986) (citing Rouse Construction International, Inc. v. Rouse Construction Corp., 680 F.2d 743, 745 (11th Cir.1982)). A limited exception exists "where an order compelling the production of documents is directed toward a person who has custody of materials as to which another person may claim a privilege of nondisclosure." Id. The Order Denying Debtor's Motion for Production of Document requesting copies of the posting of bonds by the involved Chapter 7 and 13 trustees is a discovery order and does not fall within the stated exception. Therefore, the Order Striking Amended Schedule B and C, the Order Overruling as Moot Objection to Claim of Akerman Senterfitt, and the Order Denying Debtor's Motion for Production of Document are non-final.

As non-final orders, Ekechi must seek and be granted leave to file these appeals. However, as the orders do not involve controlling questions of law, there are no substantial grounds for differences of opinion, and immediate appeals of these orders would not materially advance the ultimate termination of the litigation, the orders are not eligible to be appealed. Thus, this Court will not review the appeals from these three interlocutory orders.[6]

---

[6] Even if the Order Striking Amended Schedule B and C, Order Overruling as Moot Objection to Claim of Akerman Senterfitt, and Order Denying Debtor's Motion for Production of Document were considered to be final orders, this Court would affirm the opinions of the Bankruptcy Court. As to the Order Striking Amended Schedule B and C, Ekechi was given the opportunity to cure the filing deficiency and failed to do so in the specified time. As to the Order Overruling as Moot Objection to Claim of Akerman Senterfitt, Ekechi lacked standing to object to the claim. A debtor lacks standing to object to a claim if pursuing discharge under Chapter 7 and no potential surplus exists which would be refunded to the debtor. In re Stanley, 114 B.R. 777, 778 (Bankr. M.D. Fla. 1990). On November 14, 2011, the Chapter 13 trustee made a motion to reconvert Ekechi's case to Chapter 7 for "fail[ing] to make interim payments as ordered by the [Bankruptcy Court] or required by Section 1326(a)(1) of the Bankruptcy Code." (Bankruptcy Case No. 3:09-bk-7771-3F3, Doc. 252.)

### B. The Grant of Relief from Automatic Stay for Creditor, C.R. Exchange

Three cases under the Court's review stem from C.R. Exchange's relief from the automatic stay.[7] The Bankruptcy Court has explained to Ekechi multiple times in detail why C.R. Exchange has not violated the automatic stay and that the eviction is a state court issue. In the Bankruptcy Court hearing held on February 8, 2010 on the first Motion for Contempt for Violation of the Automatic Stay, the Bankruptcy Court went to great lengths to help Ekechi understand the law surrounding the automatic stay. Accordingly, it denied her Motion for Contempt. In a February 14, 2011 Order, this Court affirmed the Bankruptcy Court's decision that C.R. Exchange could not be held in contempt because it did not violate the automatic stay. (Case No. 3:10-cv-302-J-99TJC, Doc. 8.) Additionally, at the Bankruptcy Court hearing on June 6, 2011 on the Motions to Dismiss Counts I, II, and III, the Bankruptcy Court again explained to Ekechi why relief from the automatic stay for C.R. Exchange had been granted. For the reasons stated in this Court's previous order, Ekechi's

---

The Notice of Reconversion was filed the next day. (Bankruptcy Case No. 3:09-bk-7771-3F3, Doc. 253.) Ekechi's objection to the Trustee's Motion to Convert to Chapter 7 was overruled by the Bankruptcy Court on December 29, 2011. Therefore, Ekechi's case was governed by Chapter 7 of the Bankruptcy Code, and because no potential surplus existed, Ekechi lacked standing to object to Akerman Senterfitt's claim. Finally, as to the Order Denying Debtor's Motion for Production of Document, a copy of the posting of the bonds by any of the trustees is irrelevant and unnecessary under the specific facts of this bankruptcy case.

[7] Appeals of the Order Denying Debtor's Emergency Motion to Reinstate Automatic Stay (Case No. 3:11-cv-923-J-32), Order Denying with Prejudice Debtor's Motion for Contempt Against Creditor/Motion to Cease Creditor and Motion for Emergency Hearing (Case No. 3:11-cv-1092-J-32), and Order Granting with Prejudice the Motions to Dismiss Counts I, II, and III (Case No. 3:11-cv-1093-J-32)

appeals of the Order Denying Debtor's Emergency Motion to Reinstate Automatic Stay (Case No. 3:11-cv-923-J-32) and Order Denying with Prejudice Debtor's Motion for Contempt Against Creditor/Motion to Cease Creditor and Motion for Emergency Hearing (Case No. 3:11-cv-1092-J-32) are dismissed as frivolous.

In one filing, Ekechi also appealed three separate orders dismissing her three-count complaint against Gordon P. Jones as Chapter 7 Trustee, C.R. Exchange, and County Court Judge Dawn K. Hudson. (Case No. 3:11-cv-1093-J-32.) Her appeal of these orders is without merit. Count I is an adversary proceeding against Gordon P. Jones as Chapter 7 Trustee for alleged negligence for refusing to assume the residential real estate lease. The Bankruptcy Court found that Ekechi failed to state a claim for relief in her motion by failing to allege any duty owed by the trustee and how the duty was breached. It also reasoned that because Ekechi claimed the mobile home as exempt property, which cannot be administered as part of the bankruptcy estate, assumption of the residential real estate lease would not benefit the estate. Finally, it noted that because Ekechi's estate was insolvent with no chance of surplus, Ekechi is not a party in interest to whom the trustee owes a fiduciary duty.

Count II is an adversary proceeding against C.R. Exchange for intentional violation of the automatic stay. The Bankruptcy Court explained that C.R. Exchange was granted relief from the automatic stay in order to pursue eviction in the state court. Thus, the automatic stay was not in effect and could not be violated during the state court eviction proceedings. Further, it ruled that the order granting C.R. Exchange relief was a final order not subject to collateral attack because it was not timely appealed. The Bankruptcy Court

13

also held that when the Chapter 7 trustee did not assume the lease in the applicable time period, the lease was deemed rejected and no longer a part of the administrable estate, resulting in a termination of the automatic stay pursuant to 11 U.S.C. §365(p)(1).  Finally, it held that the doctrines of res judicata and Rooker-Feldman prohibit the Bankruptcy Court from reviewing the state court eviction decision and that the Bankruptcy Court may not review allegations of a lack of state court jurisdiction under the Rooker-Feldman doctrine.

Count III is an adversary proceeding against County Court Judge Dawn K. Hudson for "Declaratory Relief from Fraud on the Court in and Void Judgments (Orders)." The Bankruptcy Court ruled that Count III failed to state a claim of relief because Judge Hudson is afforded absolute judicial immunity for decisions rendered and actions taken in her official capacity.  It again explained that the doctrines of res judicata and Rooker-Feldman prohibit the Bankruptcy Court from examining or disturbing the state court decision and that state court jurisdictional issues may not be reviewed by the Bankruptcy Court under Rooker-Feldman.  Because this Court does not find error in the Bankruptcy Court's recitation of the law or facts in its  Order Granting with Prejudice the Motions to Dismiss Counts I, II, and III, the order is affirmed.  (Case No. 3:11-cv-1093-J-32.)

## C. Notice of Reconversion from Chapter 13 to Chapter 7 of the Bankruptcy Code

For her seventh appeal, Ekechi filed a notice of appeal of the Notice of Reconversion on November 25, 2011.[8] (Case No. 3:12-cv-86-J-32.)  However, at the same time, she also

---

[8] The Notice of Reconversion was subsequently amended on November 18, 2011 to substitute a new Chapter 7 trustee after the Chapter 7 trustee appointed in the original Notice of Reconversion rejected his appointment.  Ekechi listed the November

14

filed an objection in the Bankruptcy Court to Trustee's Motion to Convert to Chapter 7. The Bankruptcy Court overruled the objection on December 29, 2011. (Bankruptcy Case No. 3:09-bk-7771-3F3, Doc. 287.) The appeal to this Court of the Notice (and Amended Notice) of Reconversion to Chapter 7 is dismissed because a notice may not be appealed.[9]

### D.   Order Denying Debtor's Motion to Compel Creditor to Turnover Property

For her eighth appeal, Ekechi appeals the Bankruptcy Court's Order Denying Debtor's Motion to Compel Creditor to Turnover Property.  Upon independent review of the bankruptcy record and filings,[10] this Court finds that Ekechi was given enough opportunity to recover her personal belongings from the mobile home.  The Bankruptcy Court laid out the retrieval procedure in its prior Order Denying Debtor's Emergency Motion to Reinstate Automatic Stay.  She chose not to pursue the available process.  Therefore, the Order is affirmed.

---

15, 2011 Notice of Reconversion as the order being appealed in her notice of appeal but provided both the Notice and Amended Notice as part of the record on appeal.

[9] Ekechi failed to timely appeal the Bankruptcy Court's December 29, 2011 order overruling the objection to reconversion. Even if an appeal of this order was timely, this Court would likely affirm the Bankruptcy Court's order.  Pursuant to 11 U.S.C. 1307(c)(4), "on request of a party in interest or the United States trustee after notice and a hearing, the court may convert a case under [chapter 13] to a case under chapter 7 of this title" for "failure to commence making timely payments under section 1326 of this title."  This is exactly what happened here.

[10] The Court is not making a determination on the finality of the Order Denying Debtor's Motion to Compel Creditor to Turnover Property; rather, it has discussed the merits of the case to end litigation on the controversy.

As the Court prepared to enter this Order, the Bankruptcy Court dismissed the underlying bankruptcy case because of Ekechi's willful disobedience of the Bankruptcy Court's orders and her filing of a "number of frivolous pleadings." (Bankruptcy Case No. 3:09-bk-7771-3F3, Doc. 372.) While it is possible that the dismissal moots these appeals, the Court is uncertain of the dismissal's legal effect and has determined to issue this opinion. Accordingly, it is hereby

**ORDERED**:

1. The appeals of the Bankruptcy Court's Order Striking Amended Schedule B and C (Case No. 3:12-cv-85-J-32), Order Overruling as Moot Objection to Claim of Akerman Senterfitt (Case No. 3:12-cv-463-J-32), and Order Denying Debtor's Motion for Production of Document (Case No. 3:12-cv-464-J-32) are appeals from non-final orders and are **DISMISSED**.

2. The Bankruptcy Court's Order Denying Debtor's Emergency Motion to Reinstate Automatic Stay (Case No. 3:11-cv-923-J-32) and Order Denying with Prejudice Debtor's Motion for Contempt Against Creditor/Motion to Cease Creditor and Motion for Emergency Hearing (Case No. 3:11-cv-1092-J-32) are **DISMISSED** as frivolous.

3. The Order Granting with Prejudice the Motions to Dismiss Counts I, II, and III (Case No. 3:11-cv-1093-J-32) and Order Denying Debtor's Motion to Compel Creditor to Turnover Property (Case No. 3:12-cv-465-J-32) are **AFFIRMED**.

4. The appeal of the Notice (and Amended Notice) of Reconversion from Chapter 13 to Chapter 7 of the Bankruptcy Code (Case No. 3:12-cv-86-J-32) is **DISMISSED**.

5. The Clerk shall close all of the files.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of September, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

kt.
Copies:

Honorable Jerry A. Funk
United States Bankruptcy Judge

pro se appellant

counsel of record